IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Regions Bank, ) | Civil Action No.: 8:09-cv-01095-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| College Avenue Development, L.L.C., et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is now before the court with the Report and Recommendation [Docket Entry 161] of United States Magistrate Judge Bruce H. Hendricks[1] and Plaintiff's [Docket Entry 81] Motion for Summary Judgment.[2]

Plaintiff filed its motion for summary judgment on July 21, 2009. Only Defendants College Avenue Development, LLC, Wildreth & Associates, LLC, Charles F. Paterno, and Jacquelyn N. Paterno have filed a response to the motion.[3] Magistrate Judge Hendricks issued her Report and Recommendation on January 22, 2010. In her Report, Magistrate Judge Hendricks recommended that Plaintiff's motion for summary judgment should be denied in part and granted in part. Regions Bank timely filed objections to the Report on February 8, 2010.

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e) (D.S.C.).

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

[3] However, the Magistrate Judge noted that the defendants that have failed to respond to the motion for summary judgment will be protected by this court's Order, to the extent it denies Plaintiff's motion for summary judgment. Plaintiff did not object to such treatment of the non-responsive defendants in its objections. Accordingly, finding no clear error, the court adopts the Magistrate Judge's recommendation as to the non-responsive defendants. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Defendants College Avenue, Wildreth & Associates, Charles Paterno, and Jacquelyn Paterno filed their objections on February 9, 2010.[4]

**Background**

On or about October 25, 2007, Defendant College Avenue obtained a loan from Plaintiff for the purpose of financing the construction of a building in Clemson, South Carolina. To induce Plaintiff to lend money to College Avenue, TDA Development, Wildreth & Associates, Charles Paterno, and Jacquelyn Paterno, among others ("Guarantors") executed to Plaintiff a written Guaranty Agreement. The Guaranty Agreement stated that the Guarantors, jointly and severally, unconditionally guaranteed to Plaintiff the full payment and performance of all of College Avenue's debts and obligations related to the loan. Simultaneously, College Avenue executed a Loan Agreement with Plaintiff.

Plaintiff made more than ten (10) advances to College Avenue pursuant to the Agreement. Shortly after the last advance was made, TDA Development, the contractor of the project, declared bankruptcy and abandoned the project. Plaintiff now contends that College Avenue has failed to make monthly payments of interest on the loan and that the loan amount is due and payable.

Defendants contend that Plaintiff made the final advance on the loan directly to TDA, in violation of the Agreement. Defendants contend, therefore, that Plaintiff's own conduct has

---

[4] The court notes that these objections were not timely filed. Objections to the Magistrate Judge's Report were due by February 8, 2010. Accordingly, the court reviews those portions of the Report that Defendants have untimely objected to, and Plaintiff has not objected to, only for clear error. *See Diamond*, 416 F.3d at 315. Additionally, all Defendants have waived their right to appellate review of their claims. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985) (holding that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings"); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party also waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues").

2

exacerbated the amount of the outstanding loan and the inability of the parties to access monies advanced, due to TDA's bankruptcy. A more thorough discussion of the relative allegations will be set out below.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond*, 416 F.3d at 315.

## **Discussion**

Plaintiff has moved for summary judgment on its claims against the Defendant Guarantors for alleged monies owed. Plaintiff has also moved for summary judgment as to its claims against College Avenue for the balance of the loan, as the borrower. Defendants have pled counterclaims against Plaintiff for allegedly wrongful conduct in the execution of the

3

Agreement and distribution of advances. All of the parties agree that if Defendants' counterclaims have merit, then summary judgment on Plaintiff's claims is improper. Therefore, just as the Magistrate Judge did, the court will consider each of Defendants' counterclaims in turn.

I.      Defendant's Counterclaim for Breach of Contract

In her Report, the Magistrate Judge found that genuine issues of material fact exist as to Defendants' breach of contract claim. Plaintiff objected to this finding. As an initial matter, the court notes that Plaintiff conceded in its objections that the last advance, the one made directly to TDA, is genuinely in dispute. Specifically, Plaintiff stated that the final advance "raises factual issues that might require a trial," and further that "Defendants' liability for the . . . final advance is now genuinely in dispute, and Magistrate Judge Hendricks should have so concluded." Plf's. Obj. [Docket Entry 162] at 2-3. Accordingly, the court finds that Plaintiff's motion for summary judgment should be denied as to any breach of contract claim stemming from the final advance made directly to TDA.

Moreover, the court also overrules Plaintiff's objection pertaining to the two advances made by Plaintiff during the same calendar month. In doing so, the court finds Plaintiff's argument unpersuasive that the provision prohibiting two advances during the same month was placed in the Agreement to benefit only the lender. In South Carolina, to state a claim for breach of contract, a party must prove "the existence of a contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009). It is undisputed in this case that a contract existed and that the contract prohibited the lender from making two advancements during the same calendar month. It is also undisputed that two

4

advances were made by Plaintiff during the month of July. It is conceivable that a reasonable jury could find that these two advances constituted a breach of that contract, especially in light of the undisputed evidence. Additionally, the court agrees with the Magistrate Judge that the same reasonable jury could determine that the violated provision was also placed in the Agreement to ensure that there is a controlled distribution of money and that mistakes in disbursements are not exacerbated, as arguably happened in this case. Accordingly, the court finds that summary judgment is not appropriate as to any breach of contract claims stemming from the two advancements made by Plaintiff during the month of July.[5]

II.  Defendant's Counterclaim for Breach of Contract's Implied Covenant of Good Faith and Fair Dealing

In her Report, the Magistrate Judge briefly discusses Defendants' claim that Plaintiff breached the contract's implied covenant of good faith and fair dealing within her discussion of Defendants' counterclaim for breach of contract. However, in Defendants' [Docket Entry 34] Answer, Defendants actually assert a separate and independent cause of action for breach of the implied covenant of good faith and fair dealing. Plaintiff argues, and this court agrees, that an alleged breach of the implied covenants does not give rise to an independent cause of action separate from a claim for breach of contract. *See RoTec Servs., Inc. v. Encompass Servs., Inc.*, 597 S.E.2d 881 (S.C. Ct. App. 2004). In *RoTec*, the South Carolina Court of Appeals expressly held that "the implied covenant of good faith and fair dealing is not an independent cause of

---

[5] Plaintiff also contends that Defendants' argument that advances were not properly made because Plaintiff did not require the Borrower's signature for each advance is frivolous. Mainly, Plaintiff argues that nothing in any loan document required Plaintiff to obtain Borrower's signature as a condition of making an advance. Although the court agrees with Plaintiff, and this fact does not appear to be in dispute, summary judgment remains inappropriate as to Defendants' breach of contract counterclaim for the reasons set forth above.

5

action separate from the claim for breach of contract." *Id.* at 884. Rather, that court agreed that the breach of the implied covenants was "subsumed under the claim for breach of contract." *Id.* at 883. Accordingly, summary judgment is appropriate in this case as to any separate counterclaim asserted by Defendants for breach of the implied covenants, as any such claim is subsumed under the general breach of contract counterclaim. Moreover, Defendants failed to address this issue in their memorandum or objections.

III.  Defendants' Counterclaim for Breach of Contract Accompanied by a Fraudulent Act

The Magistrate Judge stated the following pertaining to Defendants' counterclaim for breach of contract accompanied by a fraudulent act:

> The Court (Magistrate Judge) is sincerely perplexed by the plaintiff's actions related to the loan. . . . In spite of an Inspector's recommendation adamantly indicating not only a lack of actual progress on the Project but the likely bankruptcy of the contractor, the plaintiff paid the last and largest advance directly to the contractor, TDA Construction, at the request of an individual who had a managing interest in the same, Travis.
>
> The Court cannot guess what the plaintiff had to gain. . . . But, the actions raise serious suspicions, and, to the Court (Magistrate Judge), a jury should be permitted to infer the presence of intent beyond a simple breach from the above-described acts.

Report [Docket Entry 161] at 9. Accordingly, the Magistrate Judge went on to find that genuine issues of fact exist as to Plaintiff's intent and actions in allegedly breaching the contract. *Id.* Plaintiff objected to the Magistrate Judge's finding as to this counterclaim.

In its motion in support of summary judgment on the breach of contract accompanied by a fraudulent act counterclaim, before the Magistrate Judge, Plaintiff simply argued that it did not commit a breach of contract, and therefore could not be liable for breach of contract accompanied by a fraudulent act. After receiving the Magistrate Judge's Report and

6

Recommendation, it then in its objections makes a new argument (i.e., the fraudulent acts alleged do not meet the criteria for a fraudulent act accompanying a breach of contract). This is a new basis for summary judgment as to that claim that was not brought up before the Magistrate Judge. This was never raised before the Magistrate Judge, and to do so now defeats the whole purpose behind 28 U.S.C. § 636(b). Regardless of these improper <u>new</u> arguments, the court believes that summary judgment is inappropriate at this stage.

IV.     Defendants' Counterclaim for Negligence

The Magistrate Judge recommended summary judgment as to this counterclaim, and Defendants failed to timely file objections regarding this recommendation. Accordingly, the court has reviewed the record for clear error, and finds none. *See Diamond*, 416 F.3d at 315. The court agrees with the Magistrate Judge and Plaintiff that no liability exists in negligence for Plaintiff's administration of the loan, and therefore summary judgment should be entered as to this counterclaim.

V.     Defendants' Counterclaim for Breach of Fiduciary Duty

The Magistrate Judge also recommended summary judgment as to this counterclaim, finding that no fiduciary duty was ever created in this case. Report [Docket Entry 161] at 12. Defendants failed to timely file objections to this recommendation. The court has reviewed the record and finds no clear error, and therefore adopts the Magistrate Judge's recommendation as its own. *See Diamond*, 416 F.3d at 315.

However, upon review of the record, the court took note of the fact that Defendants argued in their objections that the Loan Agreement itself created a fiduciary duty between the parties. Out of an abundance of caution, the court has reviewed the Loan Agreement and

7

determined that Defendants' argument appears to be without merit. Defendants cite Paragraph 8.5 of the Loan Agreement, which states in its entirety:

> The Borrower shall receive the advances to be made under this Agreement and shall hold the right to receive such advances as a trust fund. Borrower will first apply the advances to the payment of the Construction/Development Costs for the Improvements before using any part of the advance for any other purposes.

Under this provision, it appears to the court that if any party was holding the monies in "trust," it was the Defendants. Sitting in diversity, this court is to follow the existing South Carolina law, not expand it. Breach of fiduciary duty is a common law created cause of action recognized by South Carolina courts in limited situations. No authority on point has been submitted supporting a breach of fiduciary duty claim under the facts of this case, and the Loan Agreement does not appear to create such a duty in Plaintiff. Accordingly, summary judgment is appropriate as to this counterclaim.

VI.     South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA")

The Magistrate Judge recommended that the court should grant summary judgment as to this counterclaim, and Defendants failed to timely file objections to this recommendation. Therefore, the court is required to review the record for clear error only. *See Diamond*, 416 F.3d at 315. After review of the record and applicable law, the court agrees with the Magistrate Judge that summary judgment is appropriate as to this counterclaim, albeit for slightly different reasons.

Defendants assert that Plaintiff violated the Act by not securing or requiring the signature of the architect before making each of the advancements. However, Defendants have failed to set forth any evidence indicating that the failure to receive such signatures violated any

provision of the Loan Agreement so as to be arguably unfair or deceptive, and the court was unable to find any such requirement in the Loan Agreement.[6]

Moreover, Plaintiff contends that any actions taken under this transaction were not associated with "trade or commerce" and did not have an affect on the public interest. Rather, Plaintiff argues that Defendants' allege "nothing more than a simple contract dispute between two parties to a commercial transaction, and such allegations will not support a claim for damages under the SCUTPA." Plfs. Memo. [Docket Entry 81, Attach. 1] at 16. Plaintiff further argues that South Carolina appellate courts have been strict in finding a violation of SCUTPA, and generally only cases involving "misrepresentations routinely and deliberately made to members of the public," facts which are absent from the case at bar, have supported such a finding. *Id.* at 15.

As to impact on public interest, Defendants contend that because Plaintiff has repeatedly committed these same alleged acts in the past (i.e., eleven times during the life of the loan in question), they are capable of repetition and therefore have an adverse impact on public interest. However, the court finds that Defendants have failed to set forth any evidence of Plaintiff committing these same alleged acts in transactions with other parties or any evidence tending to prove that Plaintiff will commit the acts again in future transactions. *See Schnellman v. Roettger*, 627 S.E.2d 742, 746 (S.C. Ct. App. 2006). On the contrary, Defendants have complained of acts only relating to the individual loan transaction involved in this case. Therefore, the court finds itself in agreement with Plaintiff that the acts alleged by Defendants are not the type the

---

[6] The only evidence Defendants provide as to this point are the payment applications and change order requests, which both contain signature blanks for the alleged required signatures. However, Defendants fail to point to anywhere in the actual Loan Agreement that requires the disputed signatures.

9

SCUTPA was created to protect against, but are nothing more than "a simple contract dispute between two parties to a commercial transaction." Accordingly, summary judgment is appropriate as to this counterclaim.

VI. Damages

The court also agrees with the Magistrate Judge that from the evidence and arguments submitted at this stage, it is difficult to determine whether some portion of the outstanding loan balance might actually be owed to Plaintiff as of this time, and in what amount. Because, as discussed above, issues remain as to whether Plaintiff acted impermissibly in administering the loan, the court cannot determine at this stage what monies are owed to Plaintiff, notwithstanding Plaintiff's alleged subsequent impermissible conduct.

**Conclusion**

For the reasons stated above and by the Magistrate Judge, Plaintiff's [Docket Entry 81] Motion for Summary Judgment is **GRANTED,** in part, and **DENIED,** in part. The court hereby adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Specifically, Plaintiff's motion for summary judgment is **GRANTED** as to Defendants' counterclaims for breach of contract based on an implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty, and violation of the SCUTPA. Those counterclaims are hereby **DISMISSED** *with prejudice*. Plaintiff's motion is **DENIED** as to Defendants' counterclaims for breach of contract and breach of contract accompanied by a fraudulent act. Plaintiff's motion is also **DENIED** as to its own claims against Defendants for any unpaid balance on the loan.

**IT IS SO ORDERED**.

                                                    s/R. Bryan Harwell  
                                                    R. Bryan Harwell  
                                                    United States District Judge

March 10, 2010  
Florence, South Carolina